UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Alan L. Myers,**

    **Plaintiff,**

                                            Case No. 14-13316

**v.**

                                            HONORABLE DENISE PAGE HOOD

**Darden Restaurant Group,**

    **Defendant.**

_____/

## ORDER REGARDING VARIOUS MOTIONS

Before the Court is Plaintiff Alan Myer's Motion requesting appointment of counsel **[Docket No. 3, filed August 26, 2014]**, Motion for leave to amend complaint **[Docket No. 12, filed October 7, 2014]**, and Motion for Summary Judgment **[Docket No. 13, filed October 7, 2014]**. Also before the Court is Defendant Darden Restaurant Group's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint **[Docket No. 8, filed October 2, 2014]**.

**I. BACKGROUND**

Plaintiff alleges in his complaint as follows: While Plaintiff was employed by the Olive Garden as a chef, he was verbally harassed by four employees. The employees were Kyle, Richard, Terry, and Drew. Plaintiff identifies as a bisexual black male. On January 10, 2014, when Plaintiff removed his coat from a rack in the employee coatroom, he found a pair of women's underpants on the hook beneath where his coat was placed.

Plaintiff filed a grievance with General Manager Seth Petty after being sexually harassed three times. On January 14, 2014, Manager Fredrica Stephen contacted Plaintiff to notify him that he would be permitted to take "stress leave" with pay. Petty investigated the women's underpants incident for two weeks and determined that the women's underpants were placed by another employee, but could not determine which employee. Petty gave Plaintiff the option to return to work or to remain on "stress leave" without pay until Plaintiff could find another Olive Garden to transfer to.

Plaintiff did not feel safe working at the same branch. Plaintiff filed a police report and a grievance with the Olive Garden's Corporate Office. The Corporate Office suggested the same as Petty- Plaintiff could return to work or stay on leave without pay. When Plaintiff filed a complaint with the Equal Employment Opportunity Commission, his pay stopped and he was told he would be transferred to the Livonia branch, but the transfer is still pending.

Plaintiff claims Defendant violated of Title VII of the Civil Rights Act of 1964 by failing to address sexual harassment and race discrimination, creating a hostile work environment, and retaliating.

## II. ANALYSIS

### a. Plaintiff's Motion Requesting Appointment of Counsel

This matter comes before the Court on Plaintiff's Request for Appointment of Counsel, filed August 26, 2014 **[Docket No. 3]**.  28 U.S.C. § 1915 governs *in forma pauperis* proceedings.  "[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right." *Childs v. Pelligrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  Plaintiff has demonstrated an ability to communicate with the Court.  Therefore, the Court will not appoint counsel at this stage of the proceedings.

## b. Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint

Defendants filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint on October 2, 2014 **[Docket No. 8]**.  The Motion was referred to Magistrate Judge R. Steven Whalen.  Magistrate Judge Whalen ordered the Plaintiff to respond to the Motion by October 30, 2014.  Since then, Plaintiff has failed to respond and this Court rescinded the Order of Reference to Magistrate Judge Whalen on October 9, 2014 **[Docket No. 15]**.

Plaintiff argues in the Motion for Summary Judgment that Defendant's failure to participate in the EEOC mediation process and Defendant's silence on the constitutional violations is an admission of guilt.  Defendant is not required to participate in mediation.  The Defendant has not admitted guilt by remaining silent

on the violations. Instead, Defendant properly filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint on October 2, 2014, in lieu of an Answer, which filing was within the allotted time. Fed. R. Civ. P. 12(a)(1)(A)(i). After filing a Motion to Dismiss, Defendant is not required to file an answer until 14 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). In the answer, Defendant may admit or deny the allegations brought against it Plaintiff.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 states:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . ., or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 1 of the FAA provides the sole exception to the enforceability of arbitration agreements, stating that Section 2 "shall [not] apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1; *See, Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). The Sixth Circuit has reiterated the strong presumption in favor of arbitration on more than one occasion. *See, e.g., Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2001) (stating that the FAA promotes a

4

"strong federal policy in favor of arbitration" and "was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with speedier and less costly alternative litigation"); *Willis v. Dean Witter Reynolds Inc.*, 948 F.2d 305, 311 (6th Cir. 1991) ("Congress passed the FAA to ensure that courts honor the contractual agreement of parties who choose to resolve their disputes by arbitration."). "Courts are to examine the language of the [Arbitration Agreement] in light of the strong federal policy in favor of arbitration." *Stout*, 228 F.3d at 714. "[A]ny ambiguities in the [Arbitration Agreement] or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.*

Defendant's Dispute Resolution Process (hereinafter "DRP") is the means through which an employee may seek redress for an employment related claim. The DRP handbook states in pertinent part:

> The DRP, instead of court actions, is the sole means for resolving covered employment related disputes. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will not be resolved by a judge or jury. Neither the Company nor the Employee may bring DRP eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes…
>
> Examples of legal claims covered by DRP include but are not limited to: claims that arise under the Civil Rights Act of 1964, Americans With Disabilities Act, Fair Labor

5

>Standards Act, Age Discrimination in Employment Act, and Family Medical Leave Act.

Def.'s Mot. to Compel Arbitration and Dismiss Pl.'s Comp., Exhibit A-1, Dispute Resolution Process handbook.  The only exceptions to the arbitration requirement are disputes "that do not state a legal claim," that cannot be subjected to mandatory arbitration under federal law, or "are legally required under controlling federal law to be arbitrated or resolved under a different process." *Id*.

On November 18, 2013, Plaintiff signed the DRP acknowledgment form agreeing to submit any eligible disputes to the DRP.  *Id*. at Exhibit A-2.  In the Sixth Circuit, to compel arbitration, "first, [the district court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 392 (6th Cir.2003) (citation omitted).

Under Michigan law, the elements of a valid contract are (1) parties competent to enter into a contract, (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Thomas v. Leja,* 187 Mich.App. 418, 422, 468 N.W.2d 58, 60 (1991).  The parties entered

into a contract and the arbitration of employment matters for a restaurant employee is proper subject matter. The legal consideration was the exchange of wages for Plaintiff's work. The parties mutually agreed by signing and are mutually obligated to arbitrate claims such as the one before us.

The scope of the agreement is to arbitrate all claims that are permitted to be arbitrated under federal law. There is nothing to indicate that Congress intended employment disputes brought under Title VII of the Civil Rights Act of 1964 to be nonarbitrable. The Title VII claims are the only claims brought by Plaintiff and therefore, the Court compels arbitration.

Since the parties are compelled to arbitration, Plaintiff's Motion for Leave to Amend Complaint **[Docket No. 12, filed October 7, 2014]** and Motion for Summary Judgment **[Docket No. 13, filed October 7, 2014]** are **MOOT**.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendant Darden Restaurant Group's Motion to Compel Arbitration **[Docket No. 8, filed October 2, 2014]** is **GRANTED**, and Defendant's Motion to Dismiss **[Docket No. 8, filed October 2, 2014]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until the conclusion of any arbitration proceedings and this action is **CLOSED** on the Court's docket for statistical purposes.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for the purpose of confirming, vacating or correcting any arbitration award.  Any party may move to do so at the conclusion of arbitration proceedings.

**IT IS FURTHER ORDER** Plaintiff's Motion for Leave to Amend Complaint **[Docket No. 12, filed October 7, 2014]** is deemed **MOOT.**

**IT IS FURTHER ORDER** Plaintiff's Motion for Summary Judgment **[Docket No. 13, filed October 7, 2014]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** Plaintiff's Motion requesting appointment of counsel **[Docket No. 3, filed August 26, 2014]** is **DENIED** without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager