UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Alan L. Myers,**

    **Plaintiff,**

                               Case No. 14-13316

v.

                               HONORABLE DENISE PAGE HOOD

**Darden Restaurant Group,**

    **Defendant.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#25], AND GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD [#26]

Before the Court are Plaintiff Alan Myer's Notice to Court of Arbitration Conclusion **[Docket No. 24]**, Plaintiff's Motion in Response to Defendant's Motion for Summary Judgment **[Docket No. 25]**, and Defendant Darden Restaurant Group's Motion to Confirm Arbitration Award **[Docket No. 26]**. No responses to any of the foregoing filings were submitted.

**I. BACKGROUND**

As stated in this Court's Order dated February 13, 2015 [Docket No. 20], Plaintiff alleged in his complaint that, while he was employed by the Olive Garden as a chef, he was verbally harassed by four employees. The employees were Kyle, Richard, Terry, and Drew. Plaintiff identifies as a bisexual black male. On January

10, 2014, when Plaintiff removed his coat from a rack in the employee coatroom, he found a pair of women's underpants on the hook beneath where his coat was placed. Plaintiff filed a grievance with General Manager Seth Petty after being sexually harassed three times. On January 14, 2014, Manager Fredrica Stephen contacted Plaintiff to notify him that he would be permitted to take "stress leave" with pay. Petty investigated the women's underpants incident for two weeks and determined that the women's underpants were placed by another employee, but he could not determine which employee. Petty gave Plaintiff the option to return to work or to remain on "stress leave" without pay until Plaintiff could find another Olive Garden location to which he could transfer.

Plaintiff alleges did not feel safe working at the same branch. Plaintiff filed a police report and a grievance with the Olive Garden's Corporate Office. The Corporate Office also suggested that Plaintiff could return to work or stay on leave without pay. When Plaintiff filed a complaint with the Equal Employment Opportunity Commission, his pay stopped and he was told he would be transferred to the Livonia branch. In his Complaint, Plaintiff claimed Defendant violated of Title VII of the Civil Rights Act of 1964 by failing to address sexual harassment and race discrimination, creating a hostile work environment, and retaliating against him.

In the Court's February 13, 2015, Order, the Court granted Defendant's Motion to Compel Arbitration, stayed the case until the conclusion of any arbitration proceedings, closed the case for statistical purposes, and retained jurisdiction in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, for the purpose of confirming, vacating, or correcting any arbitration award upon motion of any party at the conclusion of arbitration proceedings.

The parties appeared before an independent arbitrator, David A. Kotzian, engaged in discovery, filed cross-Motions for Summary Judgment, and Plaintiff also filed a Motion to Strike various exhibits attached to Defendant's Motion for Summary Judgment.  On December 23, 2015, Arbitrator Kotzian issued an Opinion and Award of Arbitrator Regarding Defendant's Motion for Summary Judgment and Plaintiff's Motion to Strike ("Opinion and Award").  Arbitrator Kotzian granted in part and denied in part Plaintiff's Motion to Strike, but he also granted Defendant's Motion for Summary Judgment, stating that Plaintiff failed to submit evidence "sufficient to support a legal claim under Title VII for sexual harassment, retaliation or race discrimination."  Artbitrator Kotzian awarded Plaintiff nothing.

On December 30, Plaintiff filed the Notice to Court of Arbitration Conclusion and the Motion in Response to Defendant's Motion for Summary Judgment. The Notice to Court of Arbitration Conclusion is strictly informational

and requires no action by the Court. With respect to the Motion in Response to Defendant's Motion for Summary Judgment, the Court notes that there is no pending Summary Judgment Motion. Instead, it appears to the Court that Plaintiff's filing is a request that the Court vacate Arbitrator Kotzian's Opinion and Award, and the Court will treat such filing as a motion to vacate (hereinafter, the "Motion to Vacate"). On January 12, 2016, Defendant filed its Motion to Confirm Arbitration Award.

## II. ANALYSIS

As the Court concluded in its February 13, 2015, Order, the parties' Dispute Resolution Process ("DRP") provides that the parties agreed to go to arbitration regarding matters such as those raised by Plaintiff's Complaint. The DRP also provided that the arbitration would be conducted according to the Employment Arbitration Rules of the American Arbitration Association ("AAA"). The AAA states that "judgment upon the arbitration award may be entered in any federal or state court having jurisdiction." *See* Doc. No. 26-4, PgID 287 (AAA excerpt, Rule 42(c)). Finally, the DRP provides:

> Either the Employee or the Company may bring an action in any court of competent jurisdiction to . . . confirm, modify, enforce or vacate an arbitration award, as may be permitted by law.

(Doc. No. 26-2, PgID 267—DRP, Judicial Enforcement section)

Consistent with the DRP, when the Court ordered this matter to arbitration, the Court retained jurisdiction of the matter, in accordance with Section 9 of the FAA, which provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and **thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title**.

9 U.S.C. § 9 (emphasis added). As the Sixth Circuit has recognized, the FAA "presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (internal citations omitted) (citing 9 U.S.C. § 9). In fact, the Court must confirm the arbitrator's award unless it is vacated, modified, or corrected, as prescribed by the FAA. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) ("Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts . . . The Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award . . . Under the terms of §9, a court 'must' confirm an arbitration award . . .").

5

"It is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare,* 210 F.3d at 669. A court may vacate an award only where it was: (1) procured by fraud, corruption or undue means; (2) when there is evidence that the arbitrators were partial or corrupt; (3) where the arbiter engaged in misconduct resulting in prejudice; or (4) where the arbitrators exceeded their power or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. 9 U.S.C. §10. In other words, the Court may vacate an arbitration award only pursuant to the grounds stated in §10 (or §11) of the FAA, not on the merits of the decision. *See Hall Street*, 552 U.S. at 588-590 (clarifying that §§10 and 11 of the FAA were the exclusive scope of review of an arbitration award and rejecting the assertion that the language of the FAA permits the review of an arbitration award for legal error); *Grain v. Trinity Health, Mercy Health Services, Inc.*, 551 F.3d 374, 380 (6th Cir. 2008) (judicial review of an arbitration award on the legal merits is outside the scope of the FAA).

   In his Motion to Vacate, Plaintiff does not allege, nor does he submit any evidence that the arbitration award was procured by fraud, corruption or undue influence, or that the arbitrator was partial or corrupt, engaged in misconduct, or failed to make an award on the subject matter. The Court notes that, in his Motion to Vacate, Plaintiff does little more than assert that he disagrees with

6

the Opinion and Award. The Court concludes that Plaintiff's Motion to Vacate should be denied.

The Court also notes that Arbitrator Kotzian authored a ten (10) page Opinion and Award. The Opinion and Award contains an extensive analysis of the case background, the motions filed by the parties, and the legal claims presented by Plaintiff. Arbitrator Kotzian also sets forth the factual and legal analysis of Plaintiff's claims in detail, including a reasoned explanation of why Plaintiff did not provide sufficient support for his legal claims. The Court finds that the Opinion and Award should be confirmed.

Pursuant to §9 of the FAA, the Court denies Plaintiff's Motion to Vacate and grants Defendant's Motion to Confirm Arbitration Award. The Court also dismisses Plaintiff's cause of action, with prejudice.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion in Response to Defendant's Motion for Summary Judgment (*i.e.*, Plaintiff's Motion to Vacate) **[Docket No. 25]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Confirm Arbitration Award **[Docket No. 26]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action is **DISMISSED WITH PREJUDICE**.

                                       s/Denise Page Hood
                                       DENISE PAGE HOOD
                                       UNITED STATES DISTRICT JUDGE

DATED: April 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2016, by electronic and/or ordinary mail.

                                       S/LaShawn R. Saulsberry
                                       Case Manager