UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN L. MYERS,

    Plaintiff,

                                                        Civil Action No. 14-13316

v.

                                                    HONORABLE DENISE PAGE HOOD

DARDEN RESTAURANT GROUP,

    Defendant.
_____/

**ORDER DENYING WAIVER/SUSPENSION OF FEES AND COSTS,
CONSIDERED AS AN APPLICATION TO PROCEED ON APPEAL
WITHOUT PREPAYING FEES OR COSTS**

      This matter is before the Court on Plaintiff's Waiver/Suspension of Fees and Costs, Considered as an Application to Proceed On Appeal Without Prepaying Fees or Costs filed June 30, 2016. (Doc. No. 35) On April 29, 2016, the Court entered a Judgment and Order confirming Arbitration Award and dismissing Plaintiff's cause of action. (Doc. Nos. 30 and 31) Plaintiff filed a Notice of Appeal on June 30, 2016. (Doc. No. 33)

      Pursuant to 24(a)(1) of the Rules of Appellate Procedure, a party seeking to appeal *in forma pauperis* must file a motion in the district court and must file an affidavit that:

> (A) shows in the detail prescribed by Form 4
> of the Appendix of Forms the party's inability

> to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1); *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999). After the *required* information has been filed under Rule 24(a)(1), the district court must ascertain both the individual's pauper status and the merits of the appeal. *Callihan*, 178 F.3d at 803.

Plaintiff did not file the form set forth in Form 4 as required by Rule 24, but instead submitted a State Court Form "Waiver/Suspension of Fees and Costs," which is not as detailed as Form 4. Based on the Application submitted by Plaintiff, it appears he has shown pauper status. As required by the Sixth Circuit, the Court must also ascertain the merits of the appeal. Because Plaintiff failed to state the issues he intends to present on appeal as required by Rule 24, the Court is unable to ascertain the merits of the appeal.

In addition, Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915 before this Court. Upon review of the Court's Order dismissing Plaintiff's Complaint, the Court finds any Appeal of this Court's Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

Finally, Plaintiff's Notice of Appeal is untimely filed. The Federal Rules of Appellate Procedure provides that a Notice of Appeal in a civil case must be filed within 30 days after the entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1). The Judgment and Order dismissing Plaintiff's action was filed on April 29, 2016. (Doc. Nos. 30 and 31) Plaintiff filed a Notice of Appeal on June 30, 2016, well beyond the 30 days required to file such notice. (Doc. No. 33)

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Plaintiff's Waiver/Suspension of Fees and Costs, Considered as an Application to Proceed On Appeal Without Prepaying Fees or Costs filed June 30, 2016 **[Doc. No. 35]** is DENIED.


s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: July 27, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3